IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**Timothy Wayne Eddington,**

    **Plaintiff,**

**v.**                                                                      **Civil Action No. 5:10cv50**
                                                                        **(Judge Stamp)**

**SANJAY BHARTI. Doctor,**
**ANDREW C. HEISKELL, Doctor,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On May 6, 2010, the plaintiff initiated this action by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. On May 7, 2010, the plaintiff was granted leave to proceed *in forma pauperis*. On June 14, 2010, the plaintiff paid the initial partial filing fee.

**I. The Complaint**

The plaintiff, a prisoner incarcerated at the U.S. Medical Center for Federal Prisoners located in Springfield, Missouri, brings this civil action against Drs. Bharti and Heiskell, medical personnel who treated the plaintiff at Monongalia Hospital while he was incarcerated at USP Hazelton. The plaintiff alleges that he was taken to Monongalia Hospital in September of 2008, because of weakness that he was having on his left side. The plaintiff further alleges that he was admitted by Dr. Bharti, who called in Dr. Heiskell to examine him regarding the pain in his abdomen.

1

Apparently, Dr. Heiskell performed surgery to repair a ventral hernia. However, the plaintiff alleges that after the surgery he continued having problems and Drs. Bharti and Heiskell kept ordering tests because they could not find the cause of his problems. The plaintiff alleges that he was back and forth between the hospital and USP Hazelton. Eventually, Drs. Bharti and Heiskell determined that his pain was coming from his gall bladder and performed "open gallbladder" surgery. The plaintiff maintains that these two doctors jeopardized his health and safety by missing the problem and exposing him to high radiation from CT scans, MRI, PET scans, barium enema, and serial abdominal films. The plaintiff further alleges that the two doctors committed " a lot of malpractice and negligence acts by not reading the tests right." (Doc. 1, p. 5). The plaintiff maintains that the negligence of Drs. Bharti and Heiskell caused him mental, physical and emotional distress, and their actions have led to his suffering from persistent pruritus, skin manifestation breakdowns, and persistent migraines. The plaintiff's seeks $30,000 in damages.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state

2

a claim under Fed. R.Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327.

## III. Analysis

As previously noted, the undersigned is treating this as a Bivens action. A "Bivens claim for damages...requires proof of two elements: (1) a violation of [plaintiff's] constitution rights, (2) by agents acting under color of federal law." Goldstein v. Moatz, 364 F.3d 205, 210 (4th Cir. 2004) (citing Bivens, 403 U.S. at 389). Neither the Court of Appeals for the Fourth Circuit nor the Supreme Court has decided whether Bivens liability can be imposed upon a private individual. *See* Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006). However, the Court of Appeals for the Fourth Circuit has explicitly declined to extend Bivens to provide a right of action to an inmate who has an adequate state court remedy. Id. at 297.

In West Virginia, an inmate raising claims of negligence can file a medical liability action against the defendants in Circuit Court. See West Virginia Code § 55-7B-1, *et seq*. Consequently, the plaintiff has an adequate state court remedy of which me may avail himself. Furthermore, it is a well settled rule of law that claims of negligence or medical malpractice do not support an action for damages in a civil rights action. See Danials v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon 474 U.S. 344, 345-48 (1986); and Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987).

## IV. Recommendation

3

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's <u>complaint</u> be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 28, 2010.

        /s/ James E. Seibert
        JAMES E. SEIBERT
        UNITED STATES MAGISTRATE JUDGE