IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY WAYNE EDDINGTON,

    Plaintiff,

v.                                        Civil Action No. 5:10CV50
                                                    (STAMP)
SANJAY BHARTI and
ANDREW C. HEISKELL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Timothy Wayne Eddington, commenced this civil action by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities. The plaintiff, a prisoner incarcerated at the United States Medical Center for Federal Prisoners located in Springfield, Missouri, brings this civil action against Dr. Bharti and Dr. Heiskell, medical personnel who treated the plaintiff at Monogalia Hospital while he was incarcerated at United States Penitentiary-Hazelton. The plaintiff alleges that Dr. Bharti and Dr. Heiskell jeopardized his health and safety by failing to initially recognize that the pain in his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

abdomen was related to his gall bladder. According to the plaintiff, the two doctors committed malpractice by not correctly reading the tests and exposing him to high amounts of radiation. The plaintiff claims that the doctors' negligence has caused him mental, physical, and emotional distress.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes

are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

A Bivens claim for damages "requires proof of two elements: (1) a violation of [plaintiff's] constitutional rights, (2) by agents acting under color of federal law." Goldstein v. Moatz, 364 F.3d 205, 210 (4th Cir. 2004) (citing Bivens, 403 U.S. at 389). Neither the Court of Appeals for the Fourth Circuit nor the Supreme Court has had occasion to consider whether Bivens liability can be imposed upon a private individual. See Holly v. Scott, 434 F.3d 287, 291 & n.2 (4th Cir. 2006). However, the Court of Appeals for the Fourth Circuit has explicitly declined to extend Bivens to provide a right of action to an inmate who has adequate remedies under state law. See Holly, 434 F.3d at 288.

In West Virginia, an inmate raising claims of negligence can file a medical liability action against the defendants in Circuit Court. See W. Va. Code § 55-7B-1, et seq. Consequently, the plaintiff has an adequate state court remedy of which he may avail himself. Furthermore, it is a well-settled rule of law that claims of negligence or medical malpractice do not support an action for damages in a civil rights action. See Daniels v. Williams, 474 U.S. 327, 332-33 (1986) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

3

(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976))); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987) (stating that mere negligence cannot support a claim for violation of the Eighth Amendment); Daniels v. Williams, 748 F.2d 229, 231 (4th Cir. 1984) ("If the ordinary citizen may not sue under § 1983 a state employee who has negligently deprived him of a liberty interest by injury to his person, then the prisoner should not be allowed to prosecute a similar claim.").

This Court finds no clear error in the magistrate judge's determination. The plaintiff has an adequate state court remedy available to him. Accordingly, because the plaintiff fails to state a claim upon which relief can be granted, the plaintiff's claim must be dismissed with prejudice.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a

4

waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 13, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE